

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

LAURIN HENRY, RACHELLE )
TREIBER, et al., )
                                     )
        **Plaintiffs,** )
                                       )     **No. 14 C 9132**
      **v.** )
                                       )     **Chief Judge Rubén Castillo**
BOSTON HANNAH CHICAGO, LLC )
                                       )
        **Defendant.** )

## MEMORANDUM OPINION AND ORDER

Laurin Henry and Rachelle Treiber (collectively, "Plaintiffs") bring this action on behalf

of themselves and a class of persons similarly situated against Boston Hannah Chicago, LLC

("Defendant"), alleging sexual harassment and retaliation in violation of Title VII of the Civil

Rights Act of 1964, 42 U.S.C. § 2000-2 *et seq.* ("Title VII").[1]  (R. 1, Compl.)  Presently before

the Court is Defendant's motion to dismiss Plaintiffs' complaint pursuant to Federal Rule of

Civil Procedure 12(b)(6).  (R. 7, Def.'s Mot.)  For the reasons stated below, the Court denies

Defendant's motion.

## RELEVANT FACTS

Plaintiffs are adult females and residents of Chicago, Illinois.  (R. 1, Compl. ¶ 2-3.)

Defendant is an Illinois corporation involved in publishing that does business in Chicago,

Illinois.  (*Id.* ¶ 5; R. 12-3, Treiber Decl. ¶ 2.)  Defendant hired Treiber as a Managing Editor in

approximately August 2006.  (*Id.* ¶ 12.)  Defendant hired Henry as a Graphic Designer in

approximately September 2007.  (*Id.* ¶ 11.)

---

[1]  In their complaint, Plaintiffs bring their claims under Title VII, as well as the Civil Rights Act
of 1871 and the Civil Rights Act of 1991; however, the parties' briefs only refer to the claims as
being brought under Title VII.

In or about January 2010, Defendant transferred an employee, Glenn Oakley, to its Chicago office in order to manage the entire office. (*Id.* ¶ 11.) From that time forward, although Treiber remained Henry's direct supervisor, Oakley became a supervisor to both Plaintiffs. (*Id.* ¶ 11-12.) Plaintiffs allege that upon arriving in the Chicago office, Oakley immediately began sexually harassing both Henry and Treiber on work premises both privately and in front of co-workers. (*Id.*) Plaintiffs allege that Oakley constantly made direct sexual verbal advances towards them, spoke openly about his sexual encounters, and inquired about Plaintiffs' personal sex lives. (*Id.* ¶ 13.) Plaintiffs further allege that Oakley used profane language towards them, including stating that Henry "needs to be fucked[,]" calling her "a little bitch[,]" and referring repeatedly to his genitalia in a lewd manner. (*Id.*) He also asked Treiber, "Would you fuck [Henry]? She looks like a good one." (*Id.*)

In or about April 2010, Treiber sent an email on Plaintiffs' behalf to office administrator Kathy Fishman complaining of the sexual harassment, and Plaintiffs notified Fishman verbally. (*Id.* ¶ 14.) However, Plaintiffs allege that Defendant failed to address Treiber's allegations. (*Id.*) Plaintiffs further allege that after Treiber informed Fishman of the harassment, Oakley became angry and offensive to Plaintiffs. (*Id.* ¶ 15.) Plaintiffs were both terminated on June 15, 2010, which Plaintiffs contend was a retaliatory act by Oakley. (*Id.*) Plaintiffs allege that they were terminated despite above-adequate performance that had resulted in one raise and one promotion for Henry over her time of employment, and no indication that their employment was in jeopardy. (*Id.*)

Following Defendant's attempts to resolve Plaintiffs' dispute, Henry filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") on September 2, 2010. (R. 1-1, Ex. A, Henry EEOC Charge at 1.) Treiber filed a discrimination

charge with the EEOC on April 5, 2011. (R. 1-1, Ex. A, Treiber EEOC Charge at 3.) On August 12, 2014, the EEOC issued Plaintiffs right-to-sue notices, informing them that they must file a lawsuit within 90 days. (R. 1, Compl. ¶ 9.; R. 1, Ex. B, EEOC Notices.)

Defendant attaches documents from June 2010 to its motion, in which Defendant argues both Plaintiffs waive their claims against it. (R. 7-1, Ex. A, Henry's Emails at 1; R. 7-2, Ex. B, Treiber's Letter.) In response, Plaintiffs submit additional emails between the parties, exchanged between June 24 and July 13, 2010, that Plaintiffs argue demonstrate Henry's waiver was ineffective. (R. 12, Pls.' Resp. at 6; R. 12-2, Henry Decl. at 2-12.) In addition, Plaintiffs argue that the letter Treiber signed was a waiver for a "whistleblowing matter" she had raised earlier in her employment, and not a waiver of the sexual harassment or retaliation claims at issue in this case. (R. 12, Pls.' Resp. at 9; R. 12-3, Treiber Decl. at 2.)

## PROCEDURAL HISTORY

Plaintiffs commenced this action on November 13, 2014. (R. 1, Compl.) In Count I, Plaintiffs allege sexual harassment in violation of Title VII. (*Id.* at 3.) In Count II, Plaintiffs allege retaliation in violation of Title VII. (*Id.* at 6.) Plaintiffs also seek declaratory and injunctive relief in connection with their first two claims. (*Id.* at 6-7.) Plaintiffs bring this suit on behalf of themselves and other current and former female employees supervised by Oakley pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3). (*Id.* at 8.) On January 22, 2015, Defendant filed a motion to dismiss Plaintiffs' complaint pursuant to Rule 12(b)(6). (R. 7, Def.'s Mot.) On February 18, 2015, Plaintiffs filed a response to Defendant's motion, (R. 12, Pls.' Resp.), and Defendant filed a reply on March 6, 2015, (R. 14, Def.'s Reply).

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) "challenges the sufficiency of the

3

complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). When reviewing a motion to dismiss, the Court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the non-movant's favor. *Id.* Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a 'short and plain statement of the claim showing that the pleader is entitled to relief,' sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009) (quoting *Twombly*, 550 U.S. at 570). "Plausibility" in this context does not imply that a court "should decide whose version to believe, or which version is more likely than not." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

Defendant moves to dismiss Plaintiffs' complaint on the ground that Plaintiffs knowingly waived their claims. (R. 7, Def.'s Mot. ¶ 2.) In support of its motion to dismiss, Defendant attaches a series of emails and a signed letter that Defendant argues constitute waivers of Plaintiffs' claims. (R. 8, Def.'s Mem. at 2-5; R. 7-1, Ex. A, Henry's Emails at 1; R. 7-2, Ex. B, Treiber's Letter.) Plaintiffs argue that Defendant's motion contains materials outside the pleadings because the documents are not attached to or referred to in the complaint. (R. 12, Pls.' Resp. at 2.) Therefore, Plaintiffs contend that the motion is converted to a motion for summary

judgment, and request the motion be stayed pending an appropriate discovery inquiry. (*Id.* at 2-3.) Defendant counters that the Court should allow the introduction of these materials without converting its motion to dismiss to a motion for summary judgment because the documents are public records as a result of their use as evidence during the EEOC investigations. (R. 14, Def.'s Reply at 2.)

When a defendant attaches documents to its motion to dismiss under Rule 12 (b)(6), "the court must either convert the 12(b)(6) motion into a motion for summary judgment under Rule 56 and proceed in accordance with the latter rule, or exclude the documents attached to the motion to dismiss and continue under Rule 12." *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998) (citing Fed. R. Civ. Pro. 12([d]). However, the Court may consider the attached documents at the motion to dismiss stage "if they are referred to in the plaintiff's complaint and are central to his claim." *Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014) (citation omitted). This "narrow exception" to the general rule barring consideration of materials outside the pleadings exists to "prevent parties from surviving a motion to dismiss by artful pleadings or by failing to attach relevant documents." *188 L.L.C. v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002); *see also Brownmark Films, L.L.C. v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) (same). The exception is not "intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment[.]" *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002). Further, "[a] court may consider judicially noticed documents without converting a motion to dismiss into a motion for summary judgment." *Menominee Indian Tribe of Wis. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998) (citation omitted). Courts may properly take judicial notice of historical documents, documents contained in the public record, and reports of administrative bodies. *Id.* (citation omitted). Ultimately, it is within the

Court's discretion to decide whether or not to convert the motion to dismiss into a summary judgment motion, or retain it as a motion to dismiss. *Levenstein*, 164 F.3d at 347.

In this case, Plaintiffs neither attached the documents nor referenced them in their complaint. Further, the documents are neither historical nor reports of administrative bodies. However, the parties dispute whether the documents are part of the public record. Case law does not directly define whether these documents can be considered public records. Title VII prohibits "any officer or employee of the Commission to make public in any manner whatever any information obtained by the Commission" in its investigation of an employer. 42 U.S.C. § 2000e-8. The purpose of this statute is to encourage employers to cooperate by reassuring them the information received by the Commission will not be disclosed to the embarrassment of the target employer. *Associated Dry Goods Corp. v. Equal Emp't Opportunity Comm'n*, 419 F. Supp. 814, 820 (E.D. Va. 1976). Given that federal law prohibits the EEOC from disclosing information it obtains in its investigations of employers, the Court does not deem the documents Defendant produced to be part of the public record. Defendant has presented no case law to the Court standing for the proposition that materials collected during the course of an EEOC investigation are considered part of the public record. The court located one case in which a document submitted to the EEOC was considered part of the public record. *See Whittington v. N. C. Dep't of Juvenile & Delinquency Prevention*, No. CIV. 1:05CV348, 2006 WL 909141, at *1 (W.D.N.C. Apr. 7, 2006). However, in *Whittington*, the document in question was the EEOC charge, not evidentiary material obtained by the EEOC during the course of its investigation. *Id.* Further, the *Whittington* court explicitly stated that the document was referred to in the complaint and central to the plaintiff's claim, and therefore was not a matter outside the pleadings. *Id.* Therefore the *Whittington* court's analysis is not persuasive in this case. Accordingly, the Court

finds that Defendant's materials are not subject to judicial notice. Because the documents are neither subject to judicial notice, nor are they incorporated by reference, the Court finds that the materials may not be considered at the current motion to dismiss stage.

The entire basis of Defendant's motion is its argument that Plaintiffs waived their claims based upon its inclusion of extrinsic materials. Without the aid of the materials, the Court cannot evaluate the merits of Defendant's motion. In order to avoid dismissal under Rule 12(b)(6), "[a] complaint must contain allegations that 'state a claim to relief that is plausible on its face.'" *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665 (7th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. After reviewing the complaint, the Court finds that Plaintiffs have pleaded sufficient facts to draw an inference that Defendant is liable for the Title VII violations. Indeed, Defendant does not challenge the sufficiency of the complaint, instead confining its argument solely to the issue of waiver.[2] As a result, in the Court's discretion, it must deny the motion.

In addition, the Court finds that due to the numerous factual disputes that arise from Defendant's extrinsic materials, it is appropriate to permit the parties to engage in discovery

---

[2] The Seventh Circuit has advised that "courts should usually refrain from granting Rule 12(b)(6) motions on affirmative defenses[,]" reasoning that "[t]he mere presence of a potential affirmative defense does not render the claim for relief invalid" and that "[affirmative] defenses typically turn on facts not before the court at [the motion to dismiss] stage[.]" *Brownmark*, 682 F.3d at 690 (citation omitted). Although this point is not directly addressed by the parties, the Seventh Circuit's instruction further supports the Court's decision to decline deciding this Rule 12(b)(6) motion on the basis of a defense of waiver.

rather than converting the motion into one for summary judgment.[3] *See Covington v. Ill. Sec. Serv., Inc.*, 269 F.3d 863, 865 (7th Cir. 2001) (holding that because matters outside the pleadings were presented that created a material factual dispute, the district court should have allowed the parties to engage in discovery before converting a motion to dismiss into a summary judgment motion).

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion (R. 7). The Court requests the parties to reevaluate their settlement positions, in light of this opinion. A status hearing will be held on June 17, 2015 at 10:00 a.m. to set a firm litigation schedule for this lawsuit if it has not been settled.

ENTERED:

Chief Judge Rubén Castillo
United States District Court

Dated: June 8, 2015

---

[3] Plaintiffs raise several issues of material fact pertaining to Defendant's waivers. Specifically, Plaintiffs argue that Henry's emails do not constitute a waiver because she never signed a final version of a severance letter, and Defendant never paid Henry any severance. (R. 12, Pls.' Resp. at 2.) Further, Plaintiffs argue that the letter Treiber signed pertained to a waiver of a whistleblower claim she raised earlier in her employment, not any Title VII claims. (*Id.*) Plaintiffs also argue that the letter is ineffective as a waiver because it contemplates the execution of a separate agreement in order to be valid, and that agreement was never executed. (*Id.* at 7-8.)